SCHALL, Circuit Judge.
 

 Bruce E. Lane served in the United States Army (“Army”). Following his discharge, he applied to the Department of Veterans Affairs (‘VA”) for benefits. A VA Regional Office (“RO”) determined that he was not entitled to benefits because of the character of his discharge. Mr. Lane appealed the RO’s decision to the Board of Veterans’ Appeals (“Board”), which affirmed the RO’s decision.
 
 See In re Lane,
 
 No. C26 873 648, slip op. at 3 (B.V.A. July 21, 1997)
 
 (“Lane I”).
 
 Mr. Lane then filed a motion with the Board, alleging that its decision in
 
 Lane I
 
 contained clear and unmistakable error (“CUE”). Following the Board’s denial of his motion,
 
 see In re Lane,
 
 No. C26 873 648, slip op. at 17 (B.V.A. July 26, 1999)
 
 (“Lane II”),
 
 Mr. Lane appealed to the United States Court of Appeals for Veterans Claims (‘Veterans Court”), which sustained the Board’s decision,
 
 see Lane v. Principi,
 
 16 Vet.App. 78 (2002)
 
 (“Lane III”).
 
 Mr. Lane now appeals to us. We affirm.
 

 BACKGROUND
 

 I.
 

 Mr. Lane served on active duty in the Army from September of 1967 to February of 1971. His service included a tour in Vietnam from March of 1968 to March of 1969. After his return from Vietnam, Mr. Lane went absent without official leave (“AWOL”) for a total of 392 days, including one period of 190 consecutive days. As a result, he was discharged from the service on February 3, 1971 “under other than honorable conditions.”
 

 Mr. Lane’s service medical records reflect that he sought treatment for sleep
 
 *1333
 
 lessness in October of 1969 and March of 1970. In addition, during his separation medical examination, he indicated that he had experienced “Frequent Trouble Sleeping” and “Frequent or Terrifying Nightmares.” He also indicated that he had “Attempted Suicide.” At the same time, he denied ever having “Nervous Trouble of Any Sort” or “Any Drug or Narcotic Habit.”
 

 Following his discharge, Mr. Lane applied for VA benefits'. In June of 1971, the Los Angeles RO, referring to Mr. Lane’s record of having been AWOL, determined that Mr. Lane’s discharge was under other than honorable conditions and, as such, was a bar to benefits. Subsequently, however, in May of 1976, pursuant to a Presidential Proclamation, Mr. Lane received executive clemency and a Clemency Discharge. Thereafter, in February of 1977, the Army Discharge Review Board, established pursuant to 10 U.S.C. § 1553, upgraded his discharge to “under honorable conditions.” That action was affirmed by the Discharge Review Board in May of 1978.
 

 In April of 1979, Mr. Lane once again applied for VA benefits, this time to the San Diego RO. Considering his claim, the RO noted that Mr. Lane initially had been discharged under other than honorable conditions for having been AWOL, but that subsequently he had received a Clemency Discharge. The RO determined, however, that the original dishonorable discharge remained a bar to Mr. Lane’s receiving VA benefits. Mr. Lane filed a Notice of Disagreement, alleging that he was eligible for VA benefits based on the upgraded discharge issued by the Army Discharge Review Board. In October of 1980, the RO issued another decision confirming its prior decision that Mr. Lane’s discharge was “considered to have been issued under conditions which preclude[d] payment of VA benefits.” The decision noted that “an honorable or general discharge issued on or after October 8, 1977 by a Discharge Review Board established under 10 USC [§ ]1553 does not set aside any bar to benefits imposed under VAR [§ ]1012(C)(6) [currently 38 C.F.R. § 3.12(c)(6)].” Mr. Lane then appealed to the Board.
 

 II.
 

 In July of 1997, after the RO had apparently misplaced Mr. Lane’s appeal for many years, the Board affirmed the RO’s decision.
 
 Lane I,
 
 slip op. at 9-10. The Boardheld that the character of Mr. Lane’s discharge barred him from receiving VA benefits.
 
 Id.
 
 at 3. In reaching this conclusion, the Board relied on 38-U.S.C. § 5303(a), which states,
 
 inter alia:
 

 (a) ... the discharge of any ... person ... on the basis of an absence without authority from active duty for a continuous period of at least one hundred and eighty days if such person was discharged under conditions other than honorable
 
 unless such person demonstrates to the satisfaction of the Secretary that there are compelling circumstances to
 
 warrant such prolonged unauthorized absence ... shall bar all rights of such person under laws administered by the Secretary based upon the period of service from which discharged or dismissed, notwithstanding any action subsequent to the date of such discharge by a board established pursuant to section 1553 of title 10.
 

 38 U.S.C. § 5303(a) (emphasis added). The Board stated that, pursuant to section 5303(a), it had to determine whether there were compelling circumstances to warrant Mr. Lane’s prolonged unauthorized absence.
 
 Lane I,
 
 slip op. at 7-8. The Board turned to 38 C.F.R. § 3.12(c) for the factors it needed to consider to determine
 
 *1334
 
 whether such circumstances existed.
 
 Id.
 
 at 8. Section 3.12(c) provides,
 
 inter alia:
 

 (c) Benefits are not payable where the former service member was discharged or released under one of the following conditions:
 

 (6) By reason of a discharge under other than honorable conditions issued as a result of an absence without official leave (AWOL) for a continuous' period of at least 180 days. This bar to benefit entitlement does not apply if there are compelling circumstances to warrant the prolonged unauthorized absence....
 
 The follovnng factors will be considered in determining whether there are compelling circumstances to warrant the prolonged unauthorized absence.
 

 (i)
 
 Length and character of service exclusive ' of the period of prolonged AWOL.
 
 Service exclusive of the period of prolonged AWOL should generally be of such quality and length that it can be characterized as honest, faithful and meritorious and of benefit to the Nation.
 

 (ii)
 
 Reasons for going AWOL.
 
 Reasons which are entitled to be given consideration when offered by the claimant include family emergencies or obligations, or similar types of obligations or duties owed to third parties. The reasons for going AWOL should be evaluated in terms of the person’s age, cultural background, educational level and judgmental maturity. Consideration should be given to how the situation appeared to the person himself or herself, and not how the adjudicator might have reacted. Hardship or suffering incurred during overseas service, or as a result of combat wounds of other service-incurred or aggravated disability, is to be carefully and sympathetically considered in evaluating the person’s state of mind at the time the prolonged AWOL period began.
 

 38 C.F.R. § 3.12(c) (emphases added). The Board then’ applied section 5303(a) and section 3.12(c) to ’Mr. Lane’s case to determine whether there were compelling reasons for his AWOL periods.
 
 Lane I,
 
 slip op. at 9-10. The Board noted that Mr. Lane pointed to several reasons for going AWOL:' when he enlisted in the Army, he was told he would be an administrative clerk but was instead placed in the infantry; he was given drugs by his fellow, soldiers in Vietnam and became dependent upon those drugs to escape his fear of combat; and he experienced many traumatic incidents while serving in Vietnam. Mr. Lane stated that, upon his return from Vietnam, his superiors treated him like “dirt,” he was addicted to drugs and in a state of confusion, and he could not cope with Army life. As a result, he started going AWOL.
 
 Id.
 
 at 6.
 

 The Board found that Mr. Lane’s service in Vietnam satisfied 38 C.F.R. § 3.12(c)(6)®, in that it “was ‘of such quality and length that it ... [could] be characterized as honest, faithful and meritorious and of benefit to the Nation.’ ”
 
 Id.
 
 at 9. In addition, the Board determined that Mr. Lane’s combat service would have exposed him to some hardship and/or suffering during overseas service.
 
 Id.
 
 The Board observed, however, that the “objective evidence of record, contemporaneous with ... [Mr. Lane’s] return from overseas duty,” failed to document the presence of any circumstances which supported Mr. Lane’s assertions regarding drug dependence, difficulty with superiors, or an inability to fulfill his duties as assigned due to being in a state of confusion.
 
 Id.
 
 The Board noted:
 

 There are no records of hospitalization or counseling reports to confirm treatment for any psychiatric symptomatolo-gy or substance abuse either upon return from overseas or during the time periods in which the appellant was &b-
 
 *1335
 
 sent from his unit. In fact, the first evidence of record to suggest either the presence of a psychiatric disorder or substance abuse .... [is dated] 1992, many years after service discharge, and there is no indication within these records to establish the presence of an acquired psychiatric disorder or a substance abuse disorder in 1970 or 1971.
 

 Id.
 
 In sum, the Board found that, in light of the totality of the evidence in the record, it could not conclude that “there were compelling circumstances present upon ... [Mr. Lane’s] return from overseas which were
 
 of
 
 such severity as to force ... [him] into leaving his unit and thereby warrant his prolonged periods of unauthorized absence.”
 
 Id.
 
 at 9-10. Accordingly, the Board held that the character of Mr. Lane’s discharge from service was a bar to VA benefits.
 
 Id.
 
 at 10.
 

 III.
 

 Mr. Lane filed a motion with the Board alleging that its decision in
 
 Lane I
 
 contained CUE. Mr. Lane argued,
 
 inter alia,
 
 that the Board erred when it failed to give proper weight and consideration to the underlying reason for his unauthorized absences in accordance with 38 C.F.R. § 3.12(c)(6)® and (ii). He asserted that the Board did not carefully and sympathetically consider,
 
 from his point of view,
 
 as required by section 3.12(c)(6)(ii), the factors that influenced him to go AWOL, such as his youth and immaturity, his problems with drugs and alcohol, and his subsequent development of psychiatric disabilities. Mr. Lane. contended that the Board’s use of an “objective evidence” standard to evaluate his alleged reasons for going AWOL was improper. He argued that the regulation did not mandate an objective standard of proof, and hence, because the regulation referred to considering the veteran’s situation from the veteran’s point of view, it was improper for the Board to use such a standard.
 

 The Board denied Mr. Lane’s motion, holding that its decision in
 
 Lane I
 
 did not contain CUE.
 
 Lane II,
 
 slip op. at 17. The Board noted that under 38 U.S.C. § 7111(a), a Board decision is subject to revision on the grounds of CUE and must be reversed or revised if the evidence establishes such error.
 
 [1]
 

 Id.
 
 at 10. The Board observed that 38 C.F.R. § 3.12(c)(6)(ii) requires the adjudicator to consider
 
 “how the situation appeared to the veteran himself’
 
 when evaluating whether compelling circumstances justified periods of AWOL.
 
 Id.
 
 at 15. The Board noted, however, that this evaluation does “not equate to what is essentially the veteran’s belief that he can offer any number of ‘compelling circumstances’ without regard to establishing an evidentiary basis for same.”
 
 Id.
 
 at 16. It stated:
 

 While consideration of the “compelling circumstances” ... must be from the veteran’s point of view, it must be presumed that the veteran must in some manner back up his claim with some evidence because the regulation is silent as to establishing what kind of proof is needed to successfully plead one or more compelling circumstances. Consideration of one or more factors giving rise to the compelling circumstances from the veteran’s point of view would only then apply when a factor was established in a factual sense. The Board acknowledges that in the typical case, a veteran’s “age” is easily ascertained by official documents in the file, but since the regulation refers to age in the context of more subjective terms like one’s
 
 *1336
 
 “judgmental maturity,” it is logical to conclude that the regulation intends to impart a broad framework from which to judge the case. Hence, in the Board’s view, section 3.12(c)(6)(ii) can be construed to allow the Board to examine the record as a whole and determine whether the evidence supports the veteran’s claim, that one or more of these factors excused his unauthorized absences. As a result, some cases may be supported by testimonial evidence alone whereas others may demand corroborating evidence.
 

 Id.
 
 The Board concluded that the Board in
 
 Lane I
 
 had considered the veteran’s circumstances, but that because it had found no evidence in the record to show how any of the claimed circumstances played a significant role in the prolonged AWOL periods, the Board had not committed CUE in determining that the evidence as a whole did not support Mr. Lane’s claim.
 
 Id.
 
 at 16-17.
 

 IV.
 

 Mr. Lane appealed the Board’s decision in
 
 Lane II
 
 to the Veterans Court. In his appeal, he argued that the standard of review in' an appeal involving an unsuccessful colláteral challenge to a previously final Board decision requires “two separate and distinct review processes.” He contended that in reviewing the rejection of a CUE challenge, the Veterans Court should
 
 first
 
 determine whether the Board properly reviewed the collateral challenge and supported its decision with an adequate statement of reasons or bases. He argued that if the court finds that the Board did meet that standard, it
 
 then
 
 should conduct a
 
 de novo
 
 review of the merits of the collateral challenge under 38 U.S.C. § 7261(a)(1), because a collateral challenge presents a question of law. Section 7261(a) provides,
 
 inter alia:
 

 (a) In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall—
 

 (1)
 
 decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions,
 
 and determine the meaning or applicability of the terms of an action of the Secretary;
 

 (2) compel action of the Secretary unlawfully withheld or unreasonably delayed;
 

 (3) hold unlawful and set aside decisions, findings (other than those described in clause (4) of this subsection), conclusions, rules, and regulations issued or adopted by the Secretary, the Board of Veterans’ Appeals, or .the Chairman of the Board found to be—
 

 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 

 (B) contrary to constitutional right, power, privilege, or immunity;
 

 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 

 (D) without observance of procer dure required by law; and
 

 (4) in the case of a finding of material fact adverse to the claimant made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside or reverse such finding if the finding is clearly erroneous.
 

 38 U.S.C. § 7261(a) (emphases added).
 

 Turning to the merits, Mr. Lane objected to the Board’s statement in
 
 Lane II
 
 that under 38 C.F.R. § 3.12(c)(6)(ii) “it must be presumed that the veteran must in some manner back up his claim with some evidence because the regulation is
 
 *1337
 
 silent as to establishing what kind of proof is needed to successfully plead one or more compelling circumstances.”
 
 See Lane II,
 
 slip op. at 16. Mr. Lane argued that the Board did not cite to any authority for the requirement of objective contemporaneous evidence; that no such requirement could be found in the regulation; that the Board had created an evidentiary presumption that did not exist in the law; and that in fact the regulation contemplates a subjective standard of proof. The Veterans Court rejected Mr. Lane’s arguments and affirmed the decision of the Board.
 
 Lane III,
 
 16 Vet.App. at 79.
 

 Addressing its standard of review, the court stated that under 38 U.S.C. § 7261(a)(3)(A), its review of a Board decision denying a claim of CUE in a prior Board decision is limited to determining “whether the Board’s evaluation of ... [the claim] was ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,’ and whether the decision is supported by an adequate statement of reasons or bases.”
 
 Id.
 
 at 83 (citations omitted). The court further stated that “[i]f the Board articulates a satisfactory explanation for its decision, ‘including a rational connection between the facts found and the choice made, the Court must affirm.’ ”
 
 Id.
 
 (quoting
 
 Jordan v. Brown, 10
 
 Vet.App. 171, 175 (1997)). The court noted that although it has held that it will conduct a
 
 de novo
 
 review of whether a viable CUE allegation was presented to the Board, it has consistently ruled that the question of whether the Board erred in determining that a prior decision did not contain CUE is reviewed by the court under the “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” standard of review set forth in section 7261(a)(3)(A).
 
 Id.
 
 at 83-84 (citations omitted).
 

 ' The Veterans Court then turned to Mr. Lane’s arguments regarding the Board’s interpretation of 38 C.F.R. § 3.12(c)(6). It noted that Mr. Lane was arguing in essence that the Board had erred in requiring objective contemporaneous evidence of his circumstances and in looking to the evidence of record as- a whole to determine whether there was support for his stated reasons for going AWOL.
 
 Id.
 
 at 84. In rejecting this argument, the court observed: “neither the statute nor the implementing regulation directs the adjudicator simply to accept any and all reasoning from a claimant.”
 
 Id.
 
 If so construed, noted the court, the claimant would imper-missibly become the final adjudicator of his own claim.
 
 Id.
 
 Instead, the court observed, section 5303(a) “directs that a claimant ‘demonstrate! ] to the satisfaction of the Secretary that there are compelling circumstances,’ suggesting a requirement of some proof of the offered circumstances and giving the Secretary considerable, although not unfettered, discretion in weighing that proof.”
 
 Id.
 
 at 84-85 (citations omitted).
 

 The court stated that “the regulation [also] requires that the reasons offered be ‘evaluated’ in light of the veteran’s age, background, and maturity, and that the particular hardships, as they appeared to the veteran, be ‘carefully and sympathetically considered’ in evaluating his state of mind at the time of his absences.”
 
 Id.
 
 at 85 (citing 38 C.F.R. § 3.12(c)(6)). In order to “evaluate” and “consider,” noted the court, it is reasonable that the adjudicator look to factors other than the veteran’s own statements as to why he went AWOL and that it consider the totality of the evidence of record.
 
 Id.
 
 The court then observed that it was evident from its decision in
 
 Lane I
 
 that the Board had considered the reasons offered by Mr. Lane for his extended AWOL periods but had determined that other evidence of record did not adequately support Mr. Lane’s statements and that, without such support,
 
 *1338
 
 those statements did not demonstrate to the Secretary’s satisfaction compelling circumstances to warrant the “prolonged unauthorized absence.”
 
 Id.
 
 (citations omitted). The court stated that, in reviewing its decision in
 
 Lane I
 
 for CUE, the Board in
 
 Lane II
 
 had construed section 3.12(c)(6) as requiring some type of evaluation by the adjudicator of the veteran’s offered reasons for going AWOL. The court further stated that the Board had adequately explained its reasoning for its construction of the regulation and had determined that the 1997 Board decision was not in error.
 
 Id.
 
 The court concluded:
 

 Because we interpret “demonstrate” to permit the Secretary, based upon the facts of a particular case, to require that a claimant do more than merely state that his or her particular situation was “compelling,” and “evaluate” and “consider” to permit the Secretary to do more than merely accept whatever a claimant might offer, we hold that the 1999 Board decision was not “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,” and that the Board’s statement of reasons or bases in that decision, as described above, was adequate.
 

 Id.
 
 The Veterans Court therefore affirmed the decision of the Board in
 
 Lane II. Id.
 
 at 87. Mr. Lane now appeals to us.
 

 ANALYSIS
 

 I.
 

 The jurisdiction of this court to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292;
 
 Forshey v. Principi
 
 284 F.3d 1335, 1338 (Fed.Cir.2002)
 
 (en banc).
 
 We have “exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 U.S.C. § 7292(c). Questions regarding the validity and interpretation of constitutional and statutory provisions are questions of law to be reviewed without deference.
 
 Santana-Venegas v. Principi,
 
 314 F.3d 1293, 1296 (Fed.Cir.2002). We may only set aside interpretations of regulations relied upon in a decision of the Veterans Court that we find to be: “(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.” 38 U.S.C. § 7292(d)(1).
 

 On appeal, Mr. Lane asserts that the Veterans Court misinterpreted both 38 U.S.C. § 7111 and 38 C.F.R. § 3.12(c)(6)(h). Because Mr. Lane challenges the interpretation of a statute and a regulation, we have jurisdiction pursuant to 38 U.S.C. § 7292. We address Mr. Lane’s contentions in turn.
 

 II.
 

 Mr. Lane argues that the Veterans Court erred when it reviewed the Board’s decision in
 
 Lane II
 
 under 38 U.S.C. § 7261(a)(3)(A) instead of under 38 U.S.C. § 7261(a)(1). He contends that where a Board CUE claim under 38 U.S.C. § 7111 is fact based, then the deferential standard of review of section 7261(a)(3)(A) is appropriate. However, he asserts, if such a claim involves the interpretation of a regulation as it existed at the time of the original Board decision, it presents only a question of law which the court should review under section 7261(a)(1) without deference to the conclusions of the Board. Thus, Mr. Lane states that since he argued that the Board misinterpreted 38 C.F.R. § 3.12(c)(6)(h), the regulation deal
 
 *1339
 
 ing with character of discharge, his appeal presented an issue of law that should have been reviewed by the Veterans Court under the
 
 de novo
 
 standard of section 7261(a)(1) rather than under the deferential standard of section 7261(a)(3)(A). He urges us to reverse and remand so that the Veterans Court can properly adjudicate his appeal of the Board’s denial of his CUE claim.
 

 The government responds that the Veterans Court’s use of the standard of review specified in section 7261(a)(3)(A) was appropriate. It contends that although the standard recited by the court is a deferential one, it did not preclude the court from reviewing
 
 de novo
 
 pure questions of law decided by the Board in connection with Mr. Lane’s CUE claim. It argues that a standard of review, such as that specified in section 7261(a)(3)(A), which freely permits correction of purely legal errors, but which accords due deference to determinations having factual aspects, appropriately accounts for the factual nature of CUE claims. The government adds that the Veterans Court properly applied section 7261(a)(3)(A) in this case by reviewing
 
 de novo
 
 the Board’s interpretation of 38 C.F.R. § 3.12(c)(6).
 

 Because interpretation of a statute or regulation is a question
 
 of
 
 law,
 
 see, e.g., Jensen v. Brown,
 
 19 F.3d 1413, 1415 (Fed. Cir.1994), we hold that the Veterans Court should review
 
 de novo
 
 the Board’s interpretation of a regulation in the setting of a section 7111 CUE claim. However, we see no need to decide the purely academic question of whether the court conducts its
 
 de novo
 
 review under 38 U.S.C § 7261(a)(1) or 7261(a)(3)(A). In the first place, both section 7261(a)(1) (“decide all relevant questions of law”) and section 7261(a)(3)(A) (“otherwise not in accordance with law”) necessarily contemplate
 
 de novo
 
 review of a legal issue such as the Board’s interpretation of a regulation. Most importantly, however, in this case, after citing section 7261(a)(3)(A)’s standard of review, the Veterans Court addressed Mr. Lane’s arguments on appeal regarding section 3.12(c)(6)(ii), and although it did not explicitly so state in its opinion, it plainly did review
 
 de novo
 
 the Board’s interpretation of the regulation. The court stated that 38 U.S.C. § 5303(a) requires that “a claimant ‘demonstrate[ ] to the satisfaction of the Secretary that there are compelling circumstances,’ suggesting a requirement of some proof of the offered circumstances and giving the Secretary considerable, although not unfettered, discretion in weighing that proof.”
 
 Lane III,
 
 16 Vet.App. at 84-85. The court also stated that, under section 3.12(c)(6)(ii), the reasons given by a veteran for having been AWOL are to be “evaluated” and “considered,” and it concluded that it was reasonable for the Board to look to the totality of the record in order to do so.
 
 Id.
 
 at 85. Finally, the court stated:
 

 [W]e interpret
 
 “demonstrate” to permit the Secretary, based upon the facts of a particular case, to require that a claimant do more than merely state that his or her particular situation was “compelling,” and “evaluate” and “consider” to permit the Secretary to do more than merely accept whatever a claimant might offer....
 

 Id.
 
 (emphasis added). Thus, the court held that, in view of the language of 38 U.S.C. § 5303(a), the Board did not err in interpreting 38 C.F.R. § 3.12(c)(6), the implementing regulation, as requiring consideration of the “record as a whole.” Under these circumstances, it is clear that the Veterans Court did review
 
 de novo
 
 the Board’s interpretation of section 3.12(c)(6). In other words, Mr. Lane received the kind of review to which he was entitled.
 

 
 *1340
 
 III.
 

 Mr. Lane’s second argument is that the Veterans Court misinterpreted 38 C.F.R. § 3.12(c)(6)(ii) by holding that it was reasonable for the Board, when ruling on his claim for VA benefits under the regulation, to look to the totality of the circumstances, including factors other than his own statements. He argues that, to the contrary, the plain language of the regulation requires the Board to consider the “compelling circumstances” from the “veteran’s point of view.”
 

 For its part, the government argues that the Veterans Court and the Board’s interpretation of section 3.12(c)(6)(ii) is correct. The government notes that the plain language of 38 U.S.C. § 5303(a), the statute upon which the regulation is based, requires that “compelling circumstances” be demonstrated “to the satisfaction of the Secretary.” Moreover, the government contends, neither the statute nor the regulation indicates that consideration of “compelling circumstances” must be based solely on the claimant’s own statements. The government adds that such a rule would unduly restrict the adjudication process and lead to absurd results.
 

 We agree with the government and hold that the Veterans Court’s interpretation of section 3.12(c)(6)(ii) is correct. In our view, the Veterans Court did not err by holding that under section 3.12(c)(6), the Board can look to the totality of the circumstances, including factors other than the veteran’s own statements, to determine why the veteran went AWOL.
 

 “To interpret a regulation, we ... look at its plain language and consider the terms in accordance with their common meaning.”
 
 Lockheed, Corp. v. Widnall,
 
 113 F.3d 1225, 1227 (Fed.Cir.1997) (citing
 
 Perrin v. United States,
 
 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). Section 3.12(c)(6)(h) states:
 

 (ii) Reasons for going AWOL. Reasons which are entitled to be given consideration when offered by the claimant include family emergencies or obligations, or similar types of obligations or duties owed to third parties.
 
 The reasons for going AWOL should he evaluated in terms of the person’s age, cultural background, educational level and judgmental maturity. Consideration should he given to how the situation appeared to the person himself or herself, and not how the adjudicator might have reacted.
 
 Hardship or suffering incurred during overseas service, or as a result of combat wounds of other service-incurred or aggravated disability,
 
 is to be carefully and sympathetically considered in evaluating the person’s state of mind
 
 at the time the prolonged AWOL period began.
 

 38 C.F.R. § 3.12(c)(6)(h) (emphases added). The regulation requires that the reasons offered by the veteran be “evaluated” in light of the veteran’s age, background, and maturity, and that the particular hardships, as they appeared to the veteran, be “carefully and sympathetically considered” in evaluating his state of mind at the time of his absences. In order to “evaluate” and “consider,” as required by the regulation, it is reasonable that the adjudicator be able to look to factors other than the veteran’s own statements as to why he went AWOL. Stated differently, it is reasonable that the adjudicator look to the totality of the evidence in the record. Accordingly, like the Veterans Court, we interpret “evaluated” and “considered” in the regulation as permitting the Secretary to look to the totality of the evidence in the record, rather than merely accepting whatever rationale a claimant might offer for periods of AWOL. This interpretation is consistent with 38 U.S.C. § 5303(a), the statute that the regulation implements. Section 5303(a) states,
 
 inter alia,
 
 that:
 

 
 *1341
 
 the discharge of any ... person ... on the basis of an absence without authority from active duty for a continuous period of at least one hundred and eighty days if such person was discharged under conditions other than honorable
 
 unless such person demonstrates to the satisfaction of the Secretary that there are compelling circumstances to warrant such prolonged unauthorized absence ...
 
 shall bar all rights of such person under laws administered by the Secretary based upon the period of service from which discharged or dismissed, notwithstanding any action subsequent to the date of such discharge by a board established pursuant to section 1553 of title 10.
 

 38 U.S.C. § 5303(a) (emphasis added).
 

 We agree with the Veterans Court that the statute “directs [the] claimant [to] ‘demonstrate! ] to the satisfaction of the Secretary that there are compelling circumstances,’ suggesting a requirement of some proof of the offered circumstances and giving the Secretary considerable, although not unfettered, discretion in weighing that proof.”
 
 Lane III,
 
 16 Vet.App. at 84-85. This statutory directive is consistent with an interpretation of section 3.12(c)(6)(ii) that allows the Secretary to look to the totality of the evidence in the record to determine why the veteran went AWOL, rather than merely accepting the veteran’s statements. Thus, when the Board, in
 
 Lane I,
 
 sought to determine whether Mr. Lane had presented “compelling circumstances to warrant [his] prolonged unauthorized absence,” it was entirely appropriate for it to consider Mr. Lane’s statements, not in a vacuum, but in light of the objective evidence of record. As noted, in rejecting Mr. Lane’s claim, the Board pointed out that there were “no records of hospitalization or counseling reports to confirm treatment for any psychiatric symptomatology or substance abuse either upon return from overseas or during the time periods in which the appellant was absent from his unit.”
 
 Lane I,
 
 slip op. at 9. In short, the Board properly considered whether Mr. Lane’s statements regarding “how the situation appeared to [him]” had support in the relevant facts.
 

 CONCLUSION
 

 The Veterans Court properly reviewed
 
 de novo
 
 the Board’s interpretation of 38 C.F.R. § 3.12(c)(6)(ii). In addition, the court did not err in holding that the Board correctly interpreted section 3.12(c)(6)(H) when it considered the “record as a whole” in evaluating whether “compelling circumstances” excused Mr. Lane’s periods of AWOL. Accordingly, the decision of the Veterans Court is
 

 AFFIRMED.
 

 [1]
 

 . Section 7111(a) states: "A decision by the Board is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.” 38 U.S.C. § 7111(a).