﻿Citation Nr: 19172647
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 15-21 511
DATE: September 18, 2019

ORDER

Entitlement to a rating of 20 percent, and no greater, for radiculopathy in the left lower extremity prior to March 6, 2018, is granted.

Entitlement to a rating greater than 20 percent for radiculopathy in the left lower extremity beginning March 6, 2018, is denied. 

FINDINGS OF FACT

1. Prior to March 6, 2018, the Veteran’s radiculopathy in the left lower extremity was manifested by moderate incomplete paralysis of the sciatic nerve.

2. Beginning March 6, 2018, the Veteran’s radiculopathy in the left lower extremity is manifested by moderate incomplete paralysis of the sciatic nerve.

CONCLUSIONS OF LAW

1. Prior to March 6, 2018, the criteria for a rating of 20 percent for radiculopathy in the left lower extremity have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.124a (Diagnostic Code 8520) (2018).

2. Beginning March 6, 2018, the criteria for a rating greater than 20 percent for radiculopathy in the left lower extremity have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.124a (Diagnostic Code 8520) (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from February 2008 to June 2011.

This matter comes before the Board of Veterans’ Appeals (Board) from the March 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York, in which service connection for radiculopathy in the left lower extremity was granted and evaluated as 10 percent disabling with an effective date of January 4, 2013. 

This matter was previously before the Board in July 2018 and was remanded for further development. Specifically, this matter was remanded for the issuance of a Supplemental Statemen of the Case, which occurred in July 2019. The Board therefore finds that there was substantial compliance with the prior remand order and the Board may continue with its determination. Stegall v. West, 11 Vet. App. 268 (1998). 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4 (2017). The Rating Schedule is primarily a guide in the evaluation of disabilities resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 199 (1999).

VA should interpret reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability. 38 C.F.R. § 4.2. Any reasonable doubt regarding the degree of disability shall be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations apply, the higher of the two should be assigned where the disability picture more nearly approximates the criteria for the next higher rating. 38 C.F.R. § 4.7 (2017). 

The Veteran contends that he is entitled to a higher rating because for his radiculopathy in his left lower extremity.

Paralysis of the sciatic nerve is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.124a, Diagnostic Code 8520. (Neuritis and neuralgia of that group are evaluated under Diagnostic Codes 8620 and 8720.). Under these criteria, mild incomplete paralysis is rated as 10 percent disabling. Moderate incomplete paralysis is rated as 20 percent disabling. Moderately severe incomplete paralysis is rated as 40 percent disabling. Severe incomplete paralysis, with marked muscular atrophy is rated as 60 percent disabling. Complete paralysis, with the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost is rated as 80 percent disabling. 38 C.F.R. § 4.124a. 

The words “mild,” “moderate,” and “severe” as used in the various Diagnostic Codes are not defined in the Rating Schedule. Regulations provide that ratings for peripheral neurological disorders are to be assigned based the relative impairment of motor function, trophic changes, or sensory disturbance. 38 C.F.R. § 4.120. Consideration is also given for loss of reflexes, pain, and muscle atrophy. See 38 C.F.R. §§ 4.123, 4.124.

The term “incomplete paralysis” indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating is for the mild, or at most, the moderate degree. The disability ratings for the peripheral nerves are for unilateral involvement; when bilateral, the ratings combine with application of the bilateral factor. 38 C.F.R. § 4.124a, Note at “Diseases of the Peripheral Nerves.” The Note to 38 C.F.R. § 4.124a establishes a maximum disability rating for conditions that are wholly sensory, as opposed to a minimum disability rating for conditions that are more than wholly sensory. See Miller v. Shulkin, 28 Vet. App. 376 (2017). 

The Board has reviewed all of the evidence in the Veteran’s claims file, with an emphasis on the medical and lay evidence for the issue on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board’s analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

1. Entitlement to a rating greater than 10 percent for radiculopathy in the left lower extremity prior to March 6, 2018

The Veteran contends that his radiculopathy in his left lower extremity warrants a rating greater than 10 percent prior to March 6, 2018.

In March 2014, the Veteran underwent a VA back examination. The examiner noted that the Veteran has radicular pain in his left lower extremity. Specifically, the examiner noted that the Veteran had moderate constant pain (may be excruciating at times), mild paresthesias and/or dysesthesias, and mild numbness in the left lower extremity. Additionally, the examiner noted that the Veteran’s left knee and ankle deep tendon reflexes were normal and no muscle atrophy was noted. However, the Veteran did experience decreased sensation to the lower leg/ankle and foot/toes. The examiner concluded that the severity of the Veteran’s radiculopathy in the left lower extremity was moderate.

In September 2016, the Veteran underwent a VA peripheral nerves examination. The examiner noted that the Veteran is diagnosed with radiculopathy in the left lower extremity. The Veteran reported shooting pain from his back going down to his left ankle and that his radicular pain has progressively worsened. However, the examiner noted that the Veteran did not have any constant pain, intermittent pain, paresthesias and/or dysesthesias or numbness in his left lower extremity. Additionally, the examiner noted that the nerves in the Veteran’s left lower extremity were normal. 

The September 2016 examiner noted that the Veteran had normal sensation testing in his left lower extremity, normal reflexes, no trophic changes were documented, and no muscle atrophy was present. However, the examiner concluded that the Veteran’s peripheral nerve condition impacts his ability to work, as aggravated left leg radicular pain with repetitive flexion of the lumbar spine and prolonged sitting occurred.

In November 2016, the Veteran underwent a VA back examination. The examiner again noted that the Veteran is diagnosed with radiculopathy in the lower left extremity. The examiner noted that the Veteran had moderate intermittent pain (usually dull) in the left lower extremity, and mild paresthesias and/or dysesthesias and numbness in the left lower extremity. Additionally, the Veteran reported pain when the examiner raised the Veteran’s left leg for the straight leg raise. The examiner noted that the Veteran’s left sciatic nerve was involved and that that the severity of the Veteran’s radiculopathy was considered mild. The examiner noted that the Veteran had normal reflexes in his left lower extremity and normal sensation to light touch. No atrophy was noted. 

In November 2017, the Veteran underwent another VA examination. The examiner noted that the Veteran experiences moderate intermittent pain (usually dull), moderate paresthesias and/or dysesthesias, and moderate numbness in his left lower extremity. The examiner noted that the Veteran had normal reflexes in his left lower extremity and normal sensation to light touch. No atrophy was noted. The examiner concluded that the Veteran’s radiculopathy results in moderate impairment. 

In January 2018, the Veteran underwent a VA peripheral nerves conditions examination and the Veteran reported that his radicular condition had gotten worse. The examiner noted that the Veteran’s sciatic nerve condition results in mild incomplete paralysis. However, the January 2018 examiner concluded that the Veteran’s peripheral nerve condition impacts his ability to work as the Veteran may experience difficulty with prolonged walking and standing

Based on the above, the Board finds that the Veteran’s radiculopathy disability is primarily manifested by pain, paresthesias and/or dysesthesias, and numbness. The Board also finds that the most probative evidence of record is against a finding that the disability is manifest by loss of reflexes, sensory disturbance, muscle atrophy, or complete paralysis. The Board thus finds that the level of impairment is most analogous to moderate incomplete paralysis.

The Board has considered all other potentially applicable Diagnostic Codes, but there is no evidence showing the Veteran has neurological impairment associated with any other peripheral nerves that have not already been service connected. Therefore, a separate or higher rating under a different Diagnostic Code is not warranted. 

In conclusion, the Board finds that the evidence of record warrants that a rating of 20 percent is warranted for the Veteran’s radiculopathy in his left lower extremity prior to March 6, 2018.

2. Entitlement to a rating greater than 20 percent for radiculopathy in the left lower extremity beginning March 6, 2018

The Veteran contends that his radiculopathy in his left lower extremity warrants a rating greater than 20 percent beginning March 6, 2018. The Board notes that a July 2019 rating decision increased the Veteran’s rating for service connected radiculopathy in his left lower extremity from 10 percent to 20 percent beginning March 6, 2018.

In March 2018, the Veteran underwent a VA examination. The examiner noted that the Veteran’s sciatic nerve results in moderate impairment in his left lower extremity. Additionally, the examiner noted that the Veteran’s left knee and ankle deep tendon flexes were normal and that the Veteran had normal sensation to light touch on sensory examination. Finally, no muscle atrophy was noted. 

Based on the above, the Board finds that the disability is primarily manifested by impairment of motor functions and pain. The Board also finds that the most probative evidence of record is against a finding that the disability is manifest by loss of reflexes, sensory disturbance, muscle atrophy, or complete paralysis. The Board thus finds that the level of impairment is most analogous to moderate incomplete paralysis.

The Board has considered all other potentially applicable Diagnostic Codes, but there is no evidence showing the Veteran has neurological impairment associated with any other peripheral nerves that have not already been service connected. Therefore, a separate or higher rating under a different Diagnostic Code is not warranted. Additionally, the Board has reviewed the Veteran’s treatment records, which do not indicate that a higher rating is warranted.

In conclusion, the Board finds that the preponderance of the evidence is against the Veteran’s claim for a rating in excess of 20 percent for radiculopathy in the left lower extremity beginning March 6, 2018. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Mountford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.