﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190408-8611
DATE: November 27, 2019

ORDER

Effective January 22, 2019, entitlement to an initial 20 percent disability rating, but no higher, for right sciatica is granted.

Effective January 22, 2019, entitlement to an initial 20 percent disability rating, but no higher, for left sciatica is granted.

FINDINGS OF FACT

1. Prior to January 22, 2019, the right sciatica was manifested by mild incomplete paralysis of the sciatic nerve of the right leg.

2. Since January 22, 2019, the right sciatica has been manifested by moderate incomplete paralysis of the sciatic nerve of the right leg.

3. Prior to January 22, 2019, the left sciatica was manifested by mild incomplete paralysis of the sciatic nerve of the left leg.

4. Since January 22, 2019, the left sciatica has been manifested by moderate incomplete paralysis of the sciatic nerve of the left leg.

CONCLUSIONS OF LAW

1. Effective January 22, 2019, the criteria for an initial 20 percent disability rating, but no higher, for right sciatica have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.123, 4.124, 4.124a, Diagnostic Code (DC) 8520.

2. Effective January 22, 2019, the criteria for an initial 20 percent disability rating, effective January 22, 2019, for left sciatica have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.123, 4.124, 4.124a, DC 8520. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from December 1965 to December 1968, as well as from December 1984 to December 2004. This appeal comes before the Board of Veterans’ Appeals (Board) from a March 2019 rating decision.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. The Veteran requested a Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ) in the March 2019 rating decision. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to initial 20 percent disability ratings, but no higher, for sciatica of the bilateral lower extremities, effective January 22, 2019, is granted. 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. 38 C.F.R. § 4.7. All benefit of the doubt will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

Where the appeal arises from the original assignment of a disability evaluation following an award of service connection, the severity of the disability at issue is to be considered during the entire period from the initial assignment of the disability rating to the present time. See Fenderson v. West, 12 Vet. App. 119 (1999). Staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 50 (2007).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 4.3; see Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran’s service-connected sciatica of the bilateral lower extremities is currently rated as 10 percent disabling for each leg under 38 C.F.R. § 4.124a, DC 8520, effective April 17, 2017. 

Paralysis of the sciatic nerve is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.124a, Diagnostic Code 8520. (Neuritis and neuralgia of that group are evaluated under Diagnostic Codes 8620 and 8720.). Under these criteria, mild incomplete paralysis is rated as 10 percent disabling. Moderate incomplete paralysis is rated as 20 percent disabling. Moderately severe incomplete paralysis is rated as 40 percent disabling. Severe incomplete paralysis, with marked muscular atrophy is rated as 60 percent disabling. Complete paralysis, with the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost is rated as 80 percent disabling. 38 C.F.R. § 4.124a. 

The words “mild,” “moderate,” and “severe” as used in the various Diagnostic Codes are not defined in the Rating Schedule. Regulations provide that ratings for peripheral neurological disorders are to be assigned based the relative impairment of motor function, trophic changes, or sensory disturbance. 38 C.F.R. § 4.120. Consideration is also given for loss of reflexes, pain, and muscle atrophy. See 38 C.F.R. §§ 4.123, 4.124.

The term “incomplete paralysis” indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating is for the mild, or at most, the moderate degree. The disability ratings for the peripheral nerves are for unilateral involvement; when bilateral, the ratings combine with application of the bilateral factor. 38 C.F.R. § 4.124a, Note at “Diseases of the Peripheral Nerves.” The Note to 38 C.F.R. § 4.124a establishes a maximum disability rating for conditions that are wholly sensory, as opposed to a minimum disability rating for conditions that are more than wholly sensory. See Miller v. Shulkin, 28 Vet. App. 376 (2017). 

The maximum rating which may be assigned for neuritis not characterized by organic changes will be moderately severe incomplete paralysis for sciatic nerve involvement. See 38 C.F.R. § 4.123. 

Here, in June 2017, the Veteran underwent a VA examination for his lower back. The examiner noted decreased sensation in the left thigh and right lower leg. There was evidence of mild numbness, intermittent pain, as well as paresthesias and/or dysesthesias in both lower extremities. Tropic changes were not documented. He had full muscle strength and normal reflexes. His sensory examination was normal. His gait was normal. The examiner concluded that the Veteran had mild radiculopathy in both legs, specifically involving the femoral nerve. 

On January 22, 2019, the Veteran was afforded a VA examination for peripheral nerves. He reported numbness that radiated from his lower back into his lower extremities. The examiner noted no symptoms of pain, numbness, paresthesias, or dysesthesias. Muscle strength testing was normal with no evidence of muscle atrophy. Reflex and sensory testing were also normal. His gait was normal. Tropic changes were not documented. The examiner found that the Veteran’s bilateral sciatica is manifest by moderate incomplete paralysis of the sciatic nerve in the legs. 

The Veteran’s treatment records contain findings consistent with the VA examinations reports.

Based on the above, the Board finds that the disabilities are primarily manifest by sensory disturbance and pain. 

In applying the above law to the facts of the case, the Board finds that the Veteran is entitled to 20 percent disability ratings, but no higher, for his service-connected sciatica of the left and right lower extremities, effective January 22, 2019, but no earlier. 38 C.F.R. § 4.124a, DC 8520. The January 22, 2019, VA examiner found that the Veteran had moderate incomplete paralysis of the sciatic nerve in the right and left legs.

However, the Veteran is not entitled to initial disability ratings in excess of 10 percent prior to January 22, 2019. The Veteran is currently receiving a 10 percent rating for mild, incomplete paralysis of the sciatic nerve of his left and right lower extremities. See 38 C.F.R. § 4.124a, DC 8520. In determining the degree of neurologic impairment, the Board has considered the guidance contained in 38 C.F.R. §§ 4.120, 4.123, 4.124, and 4.124(a). As instructed in 38 C.F.R. § 4.120, there is an obligation to rate by comparison. Here, the nerve has been identified and there is lay and medical evidence of pain and sensory disturbance. However, prior to the January 22, 2019, VA examination, there is no evidence of moderate incomplete paralysis of the sciatic nerve. Indeed, the symptoms reported at the June 2017 examination were normal to mild in severity. The Veteran’s gait was normal. Tropic changes were not documented. He had full muscle strength and normal reflexes. His sensory examination was normal. Based upon these lay and clinical findings, the bilateral sciatica was manifest primarily by decreased sensation and pain prior to January 22, 2019; however, other neurologic function remained intact. Thus, prior to January 22, 2019, the Board finds that the bilateral sciatica was no more than mild in degree. Disability ratings in excess of 10 percent are not warranted for the Veteran’s mild incomplete paralysis of the sciatic nerves of his left and right lower extremities prior to January 22, 2019. See 38 C.F.R. § 4.124, DC 8520. 

Additionally, the Veteran is not entitled to initial disability ratings in excess of 20 percent since January 22, 2019. At the January 22, 2019, VA examination, the examiner concluded that the level of radiculopathy in the sciatic nerve of the bilateral lower extremities is indicative of moderate incomplete paralysis. The Veteran's has not demonstrated symptoms of moderately severe or severe incomplete paralysis throughout the appeal period. At the January 22, 2019, VA examination, muscle strength testing was normal with no evidence of muscle atrophy. Reflex and sensory testing were also normal. His gait was normal. Tropic changes were not documented. The Board finds that the most probative evidence of record is against a finding that the bilateral sciatica is manifest by impairment of motor functions, trophic changes, loss of reflexes, muscle atrophy, or complete paralysis to warrant disability ratings in excess of 20 percent. The Board thus finds that the level of impairment is most analogous to moderately severe incomplete paralysis, which warrants 20 percent initial disability ratings, since January 22, 2019.

The Board notes that in adjudicating a claim, the competence and credibility of the Veteran must be considered. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board acknowledges that the Veteran is competent to give evidence about what he observes or experiences. For example, he is competent to report that he experiences certain symptoms, such as pain and numbness, and he is credible in this regard. See Layno v. Brown, 6 Vet. App. 465 (1994). The Veteran’s competent and credible belief that his disabilities are worse than the assigned ratings is outweighed by the competent and credible medical examinations that evaluated the true extent of impairment based on objective data coupled with the lay complaints. The VA examiners have the training and expertise necessary to administer the appropriate tests for a determination on the type and degree of the impairment associated with the Veteran’s complaints. For these reasons, greater evidentiary weight is placed on the physical examination findings. 

The Board notes that the Veteran also has separate compensable disability ratings under DC 8526 for radiculopathy of the left lower extremity and right lower extremity. The Board has considered all other potentially applicable Diagnostic Codes, but there is no evidence showing the Veteran has neurological impairment associated with any other peripheral nerves that have not already been service-connected. Therefore, a separate or higher rating under a different Diagnostic Code is not warranted. 38 C.F.R. § 4.124. 

In summary, the Board finds that since January 22, 2019, the evidence of record demonstrates that initial disability ratings of 20 percent, but not higher, for sciatica of the bilateral lower extremities are warranted. See 38 C.F.R. § 4.124, DC 8520. In denying higher ratings, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

(Continued on the next page)

 

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

 

 

SHAUNA M. WATKINS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Erin J. Trojanowski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.