Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200512-83479
DATE: September 30, 2021

ORDER

Entitlement to an initial rating in excess of 20 percent for diabetes mellitus type II associated with herbicide exposure is denied.

Entitlement to an initial rating of 20 percent, but no higher, for right lower extremity diabetic neuropathy is granted.

Entitlement to an initial rating of 20 percent, but no higher, for left lower extremity diabetic neuropathy is granted.

FINDINGS OF FACT

1. The Veteran's diabetes mellitus did not require a regulation of activities.

2. The Veteran's right lower extremity diabetic neuropathy is manifest by no more than moderate severe incomplete paralysis.

3. The Veteran's left lower extremity diabetic neuropathy is manifest by no more than moderate severe incomplete paralysis.

CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 20 percent for diabetes mellitus, type II have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.119, Diagnostic Code 7913 (2020).

2. The criteria for a disability rating of 20 percent, but no higher, for right lower extremity diabetic neuropathy have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.124a, Diagnostic Code 8520 (2020).

3. The criteria for a disability rating of 20 percent, but no higher, for left lower extremity diabetic neuropathy have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.124a, Diagnostic Code 8520 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1966 to December 1969. The issues are on appeal under the Appeals Modernization Act (AMA) from a rating decision issued in April 2020. 

The Veteran filed a claim in July 2016 for service connection for diabetes mellitus. The claim was denied in a January 2017 rating decision. The Veteran filed a VA Form 20-0995 Supplemental Claim Application in February 2020, requesting service connection for diabetes mellitus, type II that was denied in the January 2017 rating decision. In an April 2020 rating decision, service connection was granted for diabetes mellitus, type II and a 20 percent evaluation was assigned effective July 20, 2016. Service connection was also granted for left and right lower extremity diabetic neuropathy and 10 percent ratings were assigned for each effective July 20, 2016. The Veteran submitted a notice of disagreement (VA Form 10182) in May 2020 electing the direct review docket. 

The Board notes that in February 2020, the AOJ requested the Veteran submit any relevant private treatment records or submit information with which VA can assist the Veteran in obtaining private treatment records. The AOJ also asked the Veteran to provide dates and places of treatment if the Veteran received treatment at a VA facility. The duty to assist is not a one-way street. If a Veteran desires help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining evidence. Wood v. Derwinski, 1 Vet. App. 190 (1991). Thus, the Board finds that VA has satisfied the duty to assist. No further notice or assistance to the Veteran is required to fulfill VA's duty to assist in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Increased Rating

Disability evaluations are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

To evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran's disability. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Staged ratings are appropriate when the evidence establishes that the claimed disability manifested symptoms that would warrant different ratings for distinct time periods during the course of the appeal. Id. at 126-27; Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007).

Disability ratings are determined by evaluating the extent to which a veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Rating Schedule. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability should be resolved in favor of the claimant. 38 C.F.R. § 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

Diabetes mellitus type II 

The Veteran is seeking an initial rating in excess of 20 percent for diabetes mellitus, type II.

38 C.F.R. § 4.119, Diagnostic Code 7913 (Diabetes) provides a structured scheme of specific, successive, cumulative criteria. Each higher rating includes the same criteria as the lower rating plus distinct new criteria. Middleton v. Shinseki, 727 F.3d 1172, 1178 (Fed. Cir. 2013). A 10 percent rating is warranted when diabetes is manageable by restricted diet only. A 20 percent rating is warranted when diabetes requires one or more daily injection of insulin and restricted diet, or an oral hypoglycemic agent and restricted diet. A 40 percent rating is warranted when it requires one or more daily injection of insulin, restricted diet, and regulation of activities. Regulation of activities is defined as avoidance of strenuous occupational and recreational activities. A 60 percent rating is warranted when diabetes requires one or more daily injection of insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. A 100 percent rating is warranted when diabetes requires more than one daily injection of insulin, restricted diet, and regulation of activities, with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated.

Compensable complications of diabetes are evaluated separately unless they are part of the criteria used to support a 100-percent evaluation. Noncompensable complications of diabetes are considered part of the diabetic process. 38 C.F.R. § 4.119, Diagnostic Code 7913 (Note 1).

Because Diagnostic Code 7913 contains successive criteria, the criteria for the lower rating must be met before a higher disability rating may be awarded. A higher rating cannot be granted based on a finding that the Veteran's disability picture more nearly approximates the criteria for the next higher rating. However, reasonable doubt regarding the presence of a criterion may be resolved in the Veteran' favor. Johnson v. Wilkie, 30 Vet. App. 245 (2018).

The question in this appeal is whether the Veteran's diabetes mellitus required one or more daily injections of insulin, restricted diet, and regulation of activities. Regulation of activities is defined as avoidance of strenuous occupational and recreational activities. This criterion requires medical evidence. Camacho v. Nicholson, 21 Vet. App. 360, 364-65 (2007).

An October 2016 VA examiner indicated that treatment for the Veteran's diabetes included a prescribed oral hypoglycemic agent. There was no required regulation of activities as part of medical management. The Veteran visited his diabetic care provider less than 2 times a month for episodes of ketoacidosis and hypoglycemia. There were no hospitalizations for ketoacidosis and hypoglycemia over the past 12 months. The Veteran did have progressive unintentional weight loss and loss of strength attributable to diabetes mellitus. The Veteran's diabetes mellitus impacted his ability to work, but it was due to his related diabetic neuropathy.

A March 2020 VA examiner indicated that treatment for the Veteran's diabetes included a prescribed oral hypoglycemic agent. There was no required regulation of activities as part of medical management. The Veteran visited his diabetic care provider less than 2 times a month for episodes of ketoacidosis and hypoglycemia. There were no hospitalizations for ketoacidosis and hypoglycemia over the past 12 months. The Veteran did not have progressive unintentional weight loss and loss of strength attributable to diabetes mellitus. The Veteran's diabetes mellitus did not impact his ability to work.

The Board finds that the Veteran's diabetes mellitus required only restricted diet and an oral hypoglycemic agent during the period on appeal, as reflected by the VA examinations. There is no evidence of required regulation of activities as part of medical management, and the Veteran has not indicated such. 

The evidence does indicate that the Veteran has diabetic peripheral neuropathy as a complication of diabetes mellitus, type II, which is already service-connected and will be addressed below

Accordingly, the preponderance of the evidence is against assigning a rating in excess of 20 percent during the period on appeal.

Left and right lower extremity diabetic neuropathy 

The Veteran is seeking an initial rating in excess of 10 percent for left lower extremity diabetic neuropathy and in excess of 10 percent for right lower extremity diabetic neuropathy.

Paralysis of the sciatic nerve is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.124a, Diagnostic Code 8520. (Neuritis and neuralgia of that group are evaluated under Diagnostic Codes 8620 and 8720.). Under these criteria, mild incomplete paralysis is rated as 10 percent disabling. Moderate incomplete paralysis is rated as 20 percent disabling. Moderately severe incomplete paralysis is rated as 40 percent disabling. Severe incomplete paralysis, with marked muscular atrophy is rated as 60 percent disabling. Complete paralysis, with the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost is rated as 80 percent disabling. 38 C.F.R. § 4.124a. 

The words "mild," "moderate," and "severe" as used in the various Diagnostic Codes are not defined in the Rating Schedule. Regulations provide that ratings for peripheral neurological disorders are to be assigned based the relative impairment of motor function, trophic changes, or sensory disturbance. 38 C.F.R. § 4.120. Consideration is also given for loss of reflexes, pain, and muscle atrophy. See 38 C.F.R. §§ 4.123, 4.124.

The term "incomplete paralysis" indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating is for the mild, or at most, the moderate degree. The disability ratings for the peripheral nerves are for unilateral involvement; when bilateral, the ratings combine with application of the bilateral factor. 38 C.F.R. § 4.124a, Note at "Diseases of the Peripheral Nerves." The Note to 38 C.F.R. § 4.124a establishes a maximum disability rating for conditions that are wholly sensory, as opposed to a minimum disability rating for conditions that are more than wholly sensory. See Miller v. Shulkin, 28 Vet. App. 376 (2017). 

The Veteran underwent a VA examination in October 2016. Symptoms attributable to diabetic peripheral neuropathy were mild constant pain, mild paresthesias and/or dysesthesias, and mild numbness in both lower extremities. Light touch/monofilament testing was decreased in the ankle/lower leg and foot/toes. Vibration sensation was absent and cold sensation was decreased. There was no muscle atrophy. The Veteran had trophic changes of loss of hair from mid-calf and shiny skin. The examiner found that the Veteran had mild incomplete paralysis of the sciatic nerve in the right and left. The Veteran's diabetic peripheral neuropathy impacted his ability to work in that pain would limit the use of feet and legs and that pain would also be distracting, limiting his ability to focus, concentrate, and interact with others. 

The Veteran underwent a VA examination in March 2020. Symptoms attributable to diabetic peripheral neuropathy were mild paresthesias and/or dysesthesias, and mild numbness in both lower extremities. Deep tendon reflexes were decreased in the knees. Light touch/monofilament testing was decreased in the foot/toes. There was no muscle atrophy. The Veteran had trophic changes of loss of hair and shiny skin. The examiner found that the Veteran had mild incomplete paralysis of the sciatic nerve in the right and left. The Veteran's diabetic peripheral neuropathy did not impact his ability to work. 

Based on the above, the Board finds that the disability is primarily manifest by mild pain, mild paresthesias and/or dysesthesias, and some decreased sensation. Both the October 2016 and March 2020 VA examiners found that the severity of the Veteran's neuropathy was mild. However, as indicated, the Veteran had tropic changes and decreased deep tendon reflexes in the knees. The October 2016 VA examiner also found that the Veteran's neuropathy would impact his ability to do physical work and impact his ability to focus. Resolving reasonable doubt in favor of the Veteran, the Board finds that the Veteran's left and right lower extremity diabetic neuropathy more nearly approximates moderate incomplete paralysis and an increased evaluation of 20 percent for each extremity. 

However, the Veteran's left and right lower extremity diabetic neuropathy do not warrant evaluations higher than 20 percent each because the evidence indicates that the Veteran' symptoms have been characterized as primarily being mild, and there is no evidence of more severe pain or impairment, including muscle atrophy or complete paralysis. 

The Board has considered all other potentially applicable Diagnostic Codes, but there is no evidence showing the Veteran has neurological impairment associated with any other peripheral nerves that have not already been service-connected. Therefore, a separate or higher rating under a different Diagnostic Code is not warranted. 

In conclusion, the Board finds that a rating of 20 percent each, but no higher, for the Veteran's left and right lower extremity diabetic neuropathy is warranted. 

 

 

Jennifer White

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Bonnie Yoon, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.